UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION

| | |
|---|---|
| EVA CANTU VILLARREAL, )<br>        PLAINTIFF, )<br> )<br>v. )<br> )<br>STEVEN A. CHRISTIAN, DIRECTOR, )<br>HOUSTON PASSPORT AGENCY, )<br>JOHN KERRY, U.S. SECRETARY OF STATE, and )<br>UNITED STATES OF AMERICA, )<br>        DEFENDANTS )<br>_____) | CIVIL ACTION<br>7: 15-cv-240 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Eva Cantu Villarreal ("Ms. Cantu"), through counsel, files the instant Complaint for Declaratory Judgment, and for review of a final adverse agency action, 28 U.S.C. §1331 (federal question), with the Administrative Procedure Act, 5 U.S.C. §702 *et seq*, 28 U.S.C. §2201 (Declaratory Judgment Act) and 8 U.S.C. §1503 (denial of rights and privileges as a United States citizen).

### I.   JURISDICTION AND VENUE

1. Jurisdiction lies under 8 U.S.C. §1503, (denial of rights and privileges as a U.S. citizen), with 28 U.S.C. §2201 (Declaratory Judgment Act), and 28 U.S.C. §1331 (federal question), with 5 U.S.C. §702 *et seq* (Administrative Procedure Act, "APA").

2. Ms. Cantu's application for a United States Passport, which is the subject of this action, was most recently adjudicated and denied by the United States Department of State, Houston Passport Agency, Houston, Texas. Ms. Cantu lives in Hidalgo County, Texas, which is within the jurisdiction

of this court. Ms. Cantu was born in 1957 in a part of the country known as "El Horcón Tract" or "Rio Rico, Texas." This territory was part of the United States until it was ceded by treaty to the United Mexican States in 1970. In 1978, the Attorney General of the United States reviewed cases of this type and determined that individuals like Ms. Cantu, born within "El Horcón Tract" before April 1972, were born on United States soil and therefore acquired United States citizenship at birth. *Matter of Cantu*, 17 I. & N. Dec. 190 (Atty. Gen. 1978). Nonetheless, on April 4, 2013, Respondent's denied Ms. Cantu's application for a United States Passport.

3. Denying Ms. Cantu's application for a United States Passport constitutes a denial of privilege on the basis that she is not a "national of the United States," defined by 8 U.S.C. §1101(a)(22) to include "a citizen of the United States," and is cognizable under 8 U.S.C. §1503. Ms. Cantu therefore seeks a declaratory judgment, declaring and adjudging her to be a United States citizen, under 28 U.S.C. §2201, with 8 U.S.C. §1503, a federal question to be decided by the courts of the United States.

## II.   THE PARTIES

4.   Eva Cantu Villarreal is a U.S. citizen, by virtue of her birth in "El Horcón Tract" before April 1972. She currently resides in Hidalgo County within the jurisdiction of this Court.

5.   Defendant John Kerry is the duly appointed and confirmed Secretary State. Steven A. Christian is the Director of the Houston Passport Agency, an agency under the U.S. Department of State. Both are sued in their official capacities. The United States of America is also a named Defendant.

## III.   THE FACTS

6. Ms. Cantu was born in 1947 in a part of the United States known as "El Horcón Tract" or Rio Rico, Texas." Exhibit A (sealed), incorporated here in; No.No. 1, 2, 3.

7.  Before 1906, "El Horcón Tract" was an integral part of Hidalgo County, Texas. In 1906, an artificial cut of the Rio Grande River changed its course, without changing the international boundary that had been set by the natural course of the river under an agreement between Mexico and the United States signed in 1884. It was only in 1970 that the section of land known as "El Horcón Tract," since 1906 cut off from Hidalgo County by the re-directed Rio Grande River, was ceded to Mexico by the United States pursuant to a treaty signed in that year. Exhibit A (sealed); No.No. 4, 5, 6, 7, 8, 9, 10.

8.  In 1978, the U.S. Attorney General determined that individuals, like Ms. Cantu, born within the confines of "El Horcón Tract" before April 18, 1972, were born in the United States and thus United States citizens. Exhibit A (sealed); No. 11.

9.  Ms. Cantu applied for a United States passport in Houston, Texas in on April 6, 2011. This was her second attempt to obtain a passport. Exhibit A (sealed); No.No. 12, 13.

10.  Ms. Cantu responded to repeated requests from the passport agency for more information and further documentation. Exhibit A (sealed); No.No. 14, 15, 16.

11.  On April 4, 2013, Steven A. Christian, Director of the Houston Passport Agency, send Ms. Cantu a letter, acknowledging that Ms. Cantu had submitted additional documentation of her claim to United States citizenship, rejecting all documentation submitted as insufficient, and denying Ms. Cantu a passport. Exhibit A (sealed); No. 17.

### IV. CAUSES OF ACTION

#### A. DECLARATORY JUDGMENT

12.  Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 11, *supra*.

13.  The denial of Ms. Cantu's application for a United States passport constitutes the denial of a

right or privilege claimed as a U.S. national, within the meaning of 8 U.S.C. §1503(a), thus entitling Ms. Cantu to seek a Declaration of U.S. citizenship under 28 U.S.C. §2201.

### B. REVIEW OF ADVERSE AGENCY ACTION

14. Plaintiff hereby incorporates by reference the allegations of paragraph 1 - 13, *supra*.

15. Plaintiff also seeks review of the adverse agency action, denying her application for a United States passport, under the APA. Plaintiff respectfully asserts that said denial is arbitrary, capricious, and contrary to law, within the meaning of the APA. *See,* 5 U.S.C. §703:

> Form and venue of proceeding. The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments, ... in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

*See also*, 5 U.S.C. §706:

> Scope of review:
>
> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall — (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be — (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law ...

### V. PRAYERS FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court conduct expedited proceedings on Plaintiff's claim and issue a Declaratory Judgment, declaring that Ms. Cantu is a U.S. citizen, and a permanent injunction, restraining and enjoining Defendant Kerry from not issuing the requested

passport.

It is also urged that this Honorable Court require Defendants to pay Plaintiff's costs, and reasonable attorney fees, and grant such other and further relief as the Court may consider appropriate.

Respectfully submitted 31 May 2015,

*s// Cathy J. Potter*

Cathy J. Potter, Esq.
Law Firm of Cathy J Potter PLLC
203 South Commerce Street
Harlingen, TX 78550
Federal ID:   1060322                              Pennsylvania State Bar:   210071
(956) 622-3011 Telephone                           (956) 622-3017 Fax
cpotter@cathypotterlaw.com